IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHISN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JASON ANTHONY CASTILLO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:16-CV-04 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE,
OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

Before the Court is petitioner JASON ANTHONY CASTILLO's Motion Under 28 U.S.C. § 2255 to Correct Sentence. By his motion, petitioner challenges his conviction, pursuant to a guilty plea, for the offense of distribution and possession with intent to distribute methamphetamine, aiding and abetting, and the resultant 130-month sentence. For the reasons set forth below, petitioner's motion should be DENIED.

I.
BACKGROUND

On September 11, 2013, petitioner was charged in six counts of a nine-count/multi-defendant Indictment with the offense of distribution and possession with intent to distribute methamphetamine, aiding and abetting (Count 3) and various other drug and firearms charges (Counts 1, 2, 6, 7 and 9). On September 26, 2013, the Court appointed counsel to represent petitioner, and on October 11, 2013 petitioner's hired counsel substituted into the case.

On November 4, 2013, petitioner signed a Plea Agreement providing, *inter alia*, that he agreed to waive certain rights in exchange for his guilty plea to the offense alleged in Count 3 of the Indictment, that he understood the nature and elements of the offense to which he was pleading

guilty, and that he agreed the Factual Resume he was signing was true and would be submitted as evidence.   Petitioner acknowledged the maximum penalties the Court could impose, stated that he understood the Court would impose the sentence after consideration of the United States Sentencing Guidelines and also that the guidelines were not binding on the Court.   Petitioner acknowledged that he had reviewed the guidelines with counsel but understood no one could predict with certainty the outcome of the Court's consideration of the guidelines in his case.   Petitioner acknowledged that he would not be allowed to withdraw his plea if his sentence was higher than expected and also that he fully understood the actual sentence imposed was solely in the discretion of the Court. Petitioner averred his guilty plea was not the result of promises apart from those in the plea agreement and further that there had been no guarantees or promises from anyone as to what sentence the Court would impose.   Petitioner also acknowledged the Plea Agreement document was a complete statement of the parties' agreement.

On that same date, petitioner signed a Factual Resume and agreed that the following facts were true and formed the basis for his guilty plea:

> On or about September 26, 2012, within the Amarillo Division of the Northern District of Texas, and elsewhere, the defendants, Bennie Jerom Baca and Jason Anthony Castillo, aided and abetted each other and by persons known and unknown to the Grand Jury, did knowingly and intentionally distribute and possess with intent to distribute approximately 423.6 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. In violation of 21 U.S.C. § § 841 (a)(1), (b)(1)(B)(viii), 18 U.S.C. § 2.
>
> On September 26, 2012, a confidential informant working under the supervision of the Federal Bureau of Investigation (FBI) purchased 423.6 grams of methamphetamine from Benny Jerom Baca (Baca) and Jason Anthony Castillo (Castillo). Prior to the transaction, the confidential informant made several phone calls to Baca setting up the purchase. On September 26, 2012, the confidential informant drove to Baca's residence at 1105 North Johnson in Amarillo, Texas and met with Baca. Baca told the confidential informant that Castillo was on his way to Baca's residence. Shortly thereafter Castillo arrived at Baca's residence. Castillo had a beer carton with him which contained the suspected methamphetamine. Castillo placed the beer carton in the confidential informant's vehicle. The confidential informant gave Baca $16,500.00

in U.S. currency which had been provided by the FBI as payment for the methamphetamine. Law enforcement officers conducted surveillance on the meeting. Immediately after receiving the suspected methamphetamine, the confidential informant drove to a prearranged location and surrendered the suspected methamphetamine to law enforcement officers.

Subsequent testing by the Drug Enforcement Administration Laboratory confirmed that the mixture and substance Castillo sold the CI was, in fact, methamphetamine, a Schedule II controlled substance, with a total net weight of 423.6 grams and a purity level of 87%.

On November 5, 2013, petitioner was re-arraigned and, pursuant to the plea agreement, entered a guilty plea to Count 3 of the Indictment. At the re-arraignment, petitioner confirmed he understood the nature of the charge against him, understood the consequences of his plea, and that the plea was made with his knowledge of any mandatory minimum penalty, as well as knowledge of the maximum penalty that could be imposed as a result of his plea. Petitioner also confirmed the Government had not made any other agreement with him other than what was in the Plea Agreement. The Court accepted and entered petitioner's plea and then continued the case for sentencing pending the receipt of the probation officer's Presentence Investigation Report (PSR).

On December 10, 2013, a PSR was prepared. The PSR detailed petitioner's full offense conduct that included various controlled buys and other drug sales arranged in recorded telephone calls. The PSR attributed a Base Offense Level of 34 for petitioner's charged offense due to the total amount of drugs for which he was held accountable for possessing and distributing. Because petitioner continued to use illegal controlled substances during his pretrial release, which resulted in the revocation of his bond, he was not given a downward adjustment for acceptance of responsibility; thus, his Total Offense Level remained at 34. Petitioner was assessed 3 points for a prior adult conviction, a January 10, 2005 conviction for Burglary of a Habitation whereby he was sentenced to seven (7) years confinement in TDCJ-CID; and 1 point for a prior adult conviction, an April 4, 2013 conviction for Possession of Marijuana whereby he was sentenced to 30 days in jail.

Petitioner's Criminal History Score was therefore a 4, resulting in a Criminal History Category of III. Based on these calculations, the PSR recommended a guideline imprisonment range of 188-235 months. On January 10, 2014, counsel for petitioner filed objections to the PSR, specifically to the denial of a downward adjustment for petitioner's acceptance of responsibility.

On January 15, 2014, the Court held petitioner's sentencing hearing. At the hearing, petitioner acknowledged he had read the PSR, believed he understood it, and thought everything in the PSR was correct. During allocution, petitioner apologized for his actions and stated he "accept[ed] full responsibility" for those actions and that he planned to take advantage of all prison programs and "rejoin [his] family a fully changed man." [ECF 160 at 6]. The Court granted the government's previously filed motion for a 4-point downward departure based on petitioner's cooperation, making the sentencing range 121–151months. Defense counsel requested the Court sentence petitioner at the bottom of this range. The Court then sentenced petitioner to a 130-month term of imprisonment in the United States Bureau of Prisons, a sentence within the recommended guideline range and the prescribed statutory maximum sentence and explained that it set petitioner's penalty at the low end of the guideline range. The Court entered Judgment that same date.

Petitioner appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit. On December 18, 2014, the appellate court affirmed petitioner's conviction and sentence, specifically holding the District Court's determination that he was not eligible for a downward departure for acceptance of responsibility "was not without foundation." *United States v. Castillo*, 588 F. App'x 339 (5th Cir. 2014). Petitioner's conviction became final on March 18, 2015 when the time period for seeking additional review expired.

On October 6, 2015, petitioner filed a Motion to Reduce Sentence based on a 2014 Drug Guidelines Amendment. While awaiting a ruling on that motion, petitioner, on January 11, 2016, filed his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. On March 18, 2016, petitioner filed an amended motion to vacate and, on March 29, 2016, the government filed its response in opposition to petitioner's motion pursuant to section 2255. Petitioner did not file a reply to the government's response. On April 19, 2016, the Court granted petitioner's Motion to Reduce Sentence and reduced petitioner's sentence to 110 months.

## II.
## PETITIONER'S ALLEGATIONS

In this motion, petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. The Court erred in failing to award a downward adjustment under USSG §3E1.1;

2. Counsel was ineffective for failing to "debate or argue" petitioner's sentence and did not argue for a 3-point acceptance of responsibility reduction; and

3. The government should have agreed to a 3-point acceptance of responsibility reduction.

## III.
## MERITS

In its response filed February 13, 2015, the government thoroughly and accurately briefed statutory and case law regarding the applicable standards of review for relief under 28 U.S.C. § 2255 proceedings, and for claims of ineffective assistance of counsel. [ECF 13 at 5, 7-8]. It is not necessary to repeat the government's briefing regarding the clearly established standards of review this Court must follow.

A.  Downward Adjustment Under USSG §3E1.1

Petitioner contends the Court erred in denying him a reduction of his sentence under USSG §3E1.1 for acceptance of responsibility.  While on pre-trial bond, the probation office tested petitioner for drug use, by urine analysis, three (3) times.  Each time, the drug tests came back positive for marijuana use.  Petitioner argues the marijuana was present in his system upon his release on bond and that as an addict, the positive results should not have been considered indicative of drug use because it takes 30–45 days for the drug to exit the blood stream.  [ECF 3 at 4; 11 at 6].  Consequently, argues petitioner, the Court erred because it relied on these positive drug test results to nullify his acceptance of responsibility and deny him the downward departure.

A review of the record contradicts petitioner's argument.  Approximately three (3) weeks after his release on bond, petitioner admitted to U.S. Probation Officer Cruz that he had used synthetic marijuana daily since his release and that he had used regular marijuana once.  [CR-ECF 123-1 at 1].[1]  The transcript of the re-arraignment and guilty plea hearing reflects the Court revoked petitioner's bond and remanded him to custody for failure to comply with the terms of release, *i.e.*, failure to abstain from drug use.  [CR-ECF 159 at 14].

The appellate court heard and rejected this same argument on appeal. *Castillo*, 588 F. App'x at 339-40 (In *Flucas,* [99 F.3d 177, 180 (5th Cir. 1996)] we specifically rejected the argument that the district court had ruled improperly because the defendant's drug use "did not show a lack of contrition but, instead, was a result of his drug addiction.").  Consequently, this claim is barred because it has been rejected by the Fifth Circuit.  *See United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("issues raised and disposed of in a previous appeal from an original judgment and conviction are not considered in § 2255 Motions."). Petitioner's first ground should be denied.

---

[1] CR-ECF refers to the corresponding docket entry in petitioner's underlying criminal case Cause No. 2:13-CR-27.

B.  Ineffective Assistance of Counsel

Petitioner next argues counsel was deficient because he failed to "properly address issues which were raised at sentencing." [ECF 3 at 5]. Petitioner explains in his amended motion that counsel did not "debate or argue" whether petitioner was in agreement with the sentence imposed; specifically, "Counsel did not argue the fact that I did not receive my 3-point reduction for the acceptance of responsibility when there was a verbal agreement between him and the U.S. Attorney." [ECF 11 at 5].

As noted above, the Government has set forth the proper standard under *Strickland v. Washington*, 466 U.S. 668, 689 (1984) and its progeny for reviewing claims of ineffective assistance of counsel in post-conviction proceedings brought under 28 U.S.C. § 2255. The Court will analyze Petitioner's claims under that standard.

The transcript of the re-arraignment reflects petitioner confirmed on the record, when specifically asked by the trial court, that he had read and understood the Plea Agreement he had signed, stated he believed everything in the PSR was correct, which necessarily included the sentencing guideline range of 121–151months. The Plea Agreement clearly stated petitioner understood his sentence would be imposed by the Court after consideration of the United States Sentencing Guidelines, and the sentence imposed would be "solely in the discretion of the Court." The trial court confirmed petitioner understood the guidelines would be advisory and that neither his lawyer nor the Court could tell him what the guidelines would be. Defense counsel requested the Court sentence petitioner at the bottom of the sentencing range. The Court, sentencing petitioner to a 130-month term of imprisonment, explained that it set petitioner's penalty at the low end of the guideline range. There is a strong presumption of verity of declarations made in open court, and there are only limited circumstances under which a petitioner may refute his or her testimony given at a plea or sentencing hearing while under oath.

Moreover, petitioner's claim is conclusory and fails to establish counsel performed deficiently with respect to the overall sentence imposed and that he was prejudiced as a result thereof. Conclusory allegations are insufficient to prove a claim of ineffective assistance of counsel. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). To the extent petitioner now contends counsel failed to argue, on his behalf, that he should receive a 3-point reduction for acceptance of responsibility, such claim is not only conclusory, but is also without merit because it is untrue. The record shows that petitioner's counsel filed objections to the PSR and the Addendum thereto and also objected specifically to the denial of a reduction for acceptance of responsibility. [CR-ECF 120; 125]. Counsel re-urged his objection at the sentencing hearing. [CR-ECF 160 at 4-5]. Petitioner has not shown deficient performance in this regard. Further, in light of Fifth Circuit precedent on the issue of drug use and acceptance of responsibility, petitioner has not shown prejudice. *Castillo*, 588 F. App'x at 339. Petitioner's allegations of ineffective assistance of counsel should be denied.

    C.   <u>The Government Improperly Withheld the Acceptance of Responsibility Reduction</u>

By his final argument, petitioner states, "Due to substantial assistance to authorities, the U.S. Attorney should have adopted the citing under U.S.S.G. 3E1.1. 'If defendant provided authorities with assistance, they should receive the 3-point reduction.'" [ECF 11 at 7].

A federal prisoner may only obtain relief under section 2255 if their "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A prisoner may not attack a court's technical application of the sentencing guidelines in a section 2255 motion because such a claim is not cognizable under 28 U.S.C. § 2255. *See United States v. Vaughn*, 955

F.2d 367, 368 (5th Cir. 1992) (per curiam) ("A district court's technical application of the Guidelines does not give rise to a Constitutional issue."); *United States v. Arias-Lopez*, No. CA C-12-148, 2013 WL 628694, at *4 (S.D. Tex. Feb. 19, 2013) ("A court's technical application of the sentencing guidelines is not cognizable in a § 2255 motion.") (citations omitted).

Consequently, to the extent petitioner complains the U.S. Attorney failed to award an acceptance of responsibility reduction, the Court notes it is not the government but the Court who has the sole authority to make such an award.  Although the government did not move for a reduction based upon acceptance of responsibility, presumably because the PSR showed petitioner admittedly used drugs while released on bond, it did move for a reduction under USSG § 5K1.1, based upon petitioner's cooperation with authorities.  [CR-ECF 99].  Petitioner did, therefore, receive a benefit from his assistance to authorities.  Petitioner's claim is not cognizable and should be denied.

## IV.
## RECOMMENDATION

For the reasons set forth above and as set out in the government's response, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by petitioner JASON ANTHONY CASTILLO be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of the Findings, Conclusions and Recommendation to petitioner and to each attorney of record by the most efficient means available.  IT IS SO RECOMMENDED.

ENTERED June 28, 2018.

Page 9 of 10

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).